**Lester SLOVER, Audrey Slover, Michael A. Cortese, Deborah A. Cortese, Plaintiffs,**

v.

**FABTEK, INC., Hyster Company, Tri-State Rental and Equipment Co., Tri-State Rental, Inc., Defendants.**

Superior Court of Delaware, New Castle County.

Submitted: May 27, 1986.
Decided: May 29, 1986.

---

Harvey B. Rubenstein, Esquire, Wilmington, for plaintiffs.

James W. Semple of Morris, James, Hitchens and Williams, Wilmington, and Michael D. Gallagher of German, Gallagher & Murtagh of Philadelphia, Pa., for defendants Fabtek, Inc. and Hyster Company.

Richard W. Pell of Tybout, Redfearn, Casarino & Pell, Wilmington, for defendants Tri-State Rental and Equipment Co. and Tri-State Rental, Inc.

GEBELEIN, Judge.

This case involves a personal injury action based upon an incident that occurred at the Wilmington Marine Terminal on August 10, 1981. On that day an aerial lift manufactured by defendant Fabtek purportedly tilted resulting in plaintiff's being injured.

Defendants Fabtek and Hyster Company have filed a motion *in limine* to obtain a ruling as to the admissibility of certain evidence being offered by plaintiffs. The motion relates to three categories of evidence:

1.) Evidence in change of design of this type of aerial lift after this particular lift was sold, but prior to the accident.

2.) Evidence of draft and final standards of the American National Standards Institute, Inc.

3.) Evidence consisting of photographs of the site of the accident taken purportedly after a modification of the site topography.

The defendants' contentions as to the photographs cannot be decided in a vacuum. A decision on those photographs will have to wait until the Court has developed for it the purposes for introduction of such photographs as well as their contextual setting.

■ As to the proffered evidence concerning change in design of the aerial lift, it is conceded that a construction of Delaware Rule of Evidence 407 by the Court may be dispositive.

The Rule itself states:

When, after an event, measures are taken which, if taken previsously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence ...

 **295**

Defendants contend that the event which triggers the operation of this rule in a negligent design case is the manufacture or sale date of the article in question. This position lacks support in the actual wording of the Rule itself and in the admitted purpose of the Rule (to encourage beneficial change after an incident).

In the same sentence, the Rule uses the word "event" twice. Defendants' position would require that word to have a different meaning in its second use. That interpretation strains the language used in the Rule and would render the use of the article "the" before the second use of the word "event" improper. That is to say the use of the article clearly indicates that the event referred to is the same event initially mentioned in the Rule, i.e., the triggering event.

Grammar, common sense, and the purpose of the Rule require the Court to conclude that the triggering event referred to in Rule 407 is the accident in question. Therefore, the evidence of changes in design prior to the accident is not to be excluded at trial.

■ Finally, the issue of ANSI standards and proposed standards must be resolved. Evidence of a nationally accepted standard is clearly admissible in a design failure case. In this case the final adopted standard, A 92.5, was approved by ANSI during the few days involved in the testing or inspection of the lift at issue. That standard is admissible as being relevant to establish the nationally accepted standard on the date this product was shipped.

■ The preliminary drafts of that standard do not establish an accepted national standard. They may be relevant, however, as to expert opinion as to the purported design negligence of defendants. The Court cannot rule on the admissibility of these proposed standards until a foundation is established that defendants knew of the proposed standards, and the context in

which they are sought to be admitted is established.

IT IS SO ORDERED.